Judge Underwood
delivered the Opinion of the Court.
Hopkins was indicted as a common gambler. Upon the trial, the attorney for the commonwealth introduced a witness, and offered to prove by him, that the accused, “was and is by reputation a common gambler.” The COurt decided, that such evidence was incompetent, and excluded it. On this point, we concur with the circuit court*
Evidence of a single instance of unlawful gaming, may go to the jury, upon ,the trial of one indicted as a common gambler, and, with other circumstances, e. g. that he displayed gaming implements &c., might warrant a conviction;— while proof of many instances of playing, accompanied with evidence that the accused pursued a lawful cal ling, and only played for pastime, inightnot.
It is the general course of conduct, in pursuing the business or practice of unlawful gaming, which constitutes a common gambler. A man’s character is, no doubt, formed by, and results from, his habits and practices ; and we may infer, by .proving his character, what his habits and practices have been. But we do not know any principle of law, which sanctions the introduction of evidence to establish the character of the accused, with a view to convict him of offending against the law, upon such evidence alone. If the statute had made it penal to possess the character of a common gambler, the rejected testimony would have been proper. But we apprehend, that the question whether a man is, or is not, a common gambler, depends upon matters of fact— his practices, and not his reputation or character ; and therefore,'the facts must be proved, as in other cases.
The attorney for the commonwealth offered to prove by a witness, that the accused “had played at cards for money,” since February, 1833, and before the finding of the indictment. The court rejected the evidence, and we think erroneously. How many acts there were, of playing and betting, or the particular circumstances attending each, cannot be told, in as much as the witness was not allowed to make his statement. Every act, however, of playing and betting at cards, which the testimony (night .establish, would have laid some foundation on which the venire could have rested, in coming to the conclusion whether the general conduct and practices of the accused did, or did not, constitute him a common gambler. One, or a few acts, of betting and playing cards might be deemed insufficient,, Under certain oil" cumstances, to establish-the offence. For instance, if the accused, during intervals between the times he played and bet, was attending to some lawful business — his farm, his store, or his shop, it might thereby be shown, that his playing and betting were for pastime and amusement merely. Under such circumstances, the evidence might fail to show, that the accused was a common gambler. Thus, while many acts of gaming may be. palliated, so as to show that the general conduct and practices of an individual, are not such as to constitute *420 him a common gambler; on the other hand, a single act may be attended with such circumstances as to justify a conviction. For example, if an individual plajs and bets, and should at the time display all the apparatus of an open, undisguised, common gambler, it would be competent for the jury, although he was an entire stranger, to determine that he fell within the provisions of the statute. The precise nature of the acts which the testimony would have disclosed, had it leen heard, is unknown; hut wre perceive enough to convince us, that it was relevant, arid ought to.have been heart!.
The facte which may be given in evidence against one indicted as a common gambler, are not merely those perpetrated within the county where the hill is found; it may be shown that he had kept a faro bank or gamingtable, or otherwise been guilty ofunlawful gaming, in other counties.
The attorney for the commonwealth ofltred to prove by a witness, that the accused had, within the period aforesaid, set up and kept faro banks and other gau.mg tables, at which money was bet, and woir ami lost, at places without the county of Fajerte. I he court oecided, that the commonwealth could prove no such gaming, except it had taken ¡dace within the count) of Fayette, where the indictment was found, unci exc/noed the testimony. In this, lire court clearly ened. It makes no difference where the gaming takes plate. If a person has gamed until he is a common gambler, without the county oi Fayette, he may goto that count) for the purpose of continuing his practices. In such case, it was the object of the statute to arrest him as soon as possible by conviction; and requiring the bond provided for in the sixth section of the act of 1833. The testimony should have been admitted.
Judgment reversed, with costs, and cause remanded for a new trial.