# Snyder *versus* The Commonwealth.

1. On the trial of an indictment wherein the defendant was charged with the murder of the illegitimate child of his daughter, the latter testified that the defendant was the father of the child, and had taken its life. To cast discredit on her testimony the defendant proved that prior to the present charge of murder the daughter had charged him with incestuous rape. The court permitted the daughter to testify in rebuttal that this charge of rape was true. *Held*, that the admission of this testimony was error.

2. To rebut the evidence of previous good character produced by the defendant, the Commonwealth offered and was permitted to prove by witness that he had heard the children of defendant make frequent complaints of his cruelty to them. *Held*, that this evidence was improperly admitted.

3. Character can be impeached only by evidence of general reputation, and not by evidence of particular acts of misconduct. It should be what *people in general* say, and not what *others* say.

November 21st 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Oyer and Terminer of *Crawford county:* Of October and November Term 1877, No. 247.

Indictment of Charles Snyder for the murder of the illegitimate child of his daughter Marietta.

At the trial the daughter testified in her examination in chief that the child was born in July 1876, and that her father was its father; that an hour or so after its birth her father took the child wrapped it in a feather bed, and put it in a chest; that it was alive; that the next morning he took it from the chest and carried it away. On cross-examination she testified that she was asleep when the child was put into the chest, and that all she knew about it was what her mother told her.

The theory of the defence rested mainly upon the great improbability of the case, as presented by the Commonwealth, and the excellent character of the defendant in the neighborhood where he had lived all his married life. Some forty or fifty witnesses were called from the neighborhood, all of whom gave him a good character.

[Snyder *v.* Commonwealth.]

. It came out in the course of the trial that three complaints had been made against him, one by the daughter for incestuous adultery with her, and then by a friend of the daughter, using her as a witness, for incestuous rape, and lastly for the murder of the child. The defence offered and had read in evidence the first two complaints, to show the singular character of the proceeding, and to discredit the principal witness, the daughter.

In rebuttal, the prosecution recalled the daughter and offered to prove by her that the second charge, that is, of rape, was true. To this defendant's counsel objected, for the reason that the defendant was not on trial for rape, and was not prepared to answer the charge. The objection was overruled, and the evidence received. This constituted the first exception.

In answer to the testimony of general character, the prosecution called a Mr. Davison, "to prove complaints by the children of defendant, of his cruelty towards them, prior to the commencement of the prosecution." To this defendant objected. The objection was overruled, and the testimony received, and this constituted the second exception.

The jury rendered a verdict of murder in the second degree, and the defendant was sentenced to the penitentiary for a period of eight years and two months. He then took this writ, assigning for error the admission of the evidence of the daughter as to the truth of the charge of rape, and the admission of the testimony of Davison as to the cruelty of defendant to his children.

*H. L. Richmond & Son* and *A. B. Richmond*, for plaintiff in error.—To admit the evidence of the daughter was permitting the Commonwealth to give evidence of a distinct offence in no way connected with the issue trying—proving a rape on a charge of murder, without pretending that there was any connection between the two offences ; to prejudice the jury in their verdict on the primary charge, by receiving evidence of another offence of a most revolting character, without any opportunity to defendant to prove its utter falsity. Evidence to character must be general evidence of reputation, and not particular acts of good or bad conduct.

*Pearson Church*, for defendant.

Mr. Justice MERCUR delivered the opinion of the court, January 7th 1878.

The paper-book of the plaintiff in error is very defective; it lacks much that would assist us in acquiring a clear understanding of the case. Unfortunately the defect is in no manner removed by the defendant, who has omitted to furnish us with any paperbook. We are therefore left to grope our way as best we can. Whenever an argument is needed on the part of a defendant, jus-

[Snyder v. Commonwealth.]

tice to the cause and to the court, requires that a paper-book should be prepared.

The plaintiff in error was indicted for murder. He was charged with the murder of an illegitimate child of his daughter. The daughter was a witness against her father. As we understand her testimony, she swore, at least in chief, to being present and hearing him commit an act which resulted in the death of her child. On the part of the defence it was claimed that this prosecution was a wicked scheme to ruin and destroy him; that the charge of murder was not at first made. To show this fact, and thus to cast discredit on the testimony of the daughter, the plaintiff in error gave in evidence two transcripts of complaints against him, made after the alleged killing of the child. One made by the daughter charging him with incestuous adultery with her; the other by a friend of her, using her as a witness, charging him with incestuous rape. We do not understand that the plaintiff in error affirmed or denied the truth of the facts averred in either of those complaints. His object in giving them in evidence was to show that she did not then charge him with murder, but with other and lesser offences. By proving that those offences only were then charged against him, he sought to impair the force of her testimony in regard to her knowledge of his having previously committed the murder now claimed.

As rebutting, the daughter was recalled and permitted to testify, under exception, that the complaint charging the rape was true. We cannot see how this evidence was rebutting. It in no manner contradicted the fact that she did not then charge the crime of murder to have been committed by him. Its effect, however, was highly prejudicial to the accused. The indictment did not charge him with the commission of any rape. He was not being tried for such a crime. Without notice, or opportunity to prepare a defence against a charge of such an infamous crime, this evidence went to the jury. It was in manifest disregard of the rule of law that the evidence offered must correspond with the allegations, and be confined to the point in issue. Here he was on trial for the commission of one felony; but the court admitted testimony of his having committed another felony of an entirely separate and distinct character. The two could not have been joined in the same indictment. In case the direct evidence of the homicide was not entirely satisfactory to the jury, yet they may readily have concluded, if he was such a monster as to have committed a rape on his own daughter, he had a heart sufficiently depraved to commit the murder charged against him. The evidence was not rebutting. He was denied that protection on his trial which the law gives to every person charged with the commission of crime.

We are not informed at what stage of the case, nor for what

[Snyder *v*. Commonwealth.]

purpose, the evidence covered·by the second assignment was offered. We infer the object of it was to prove a reputation for cruelty, in answer to a general reputation of good character shown by the accused. If so, it was improperly received. Character can be impeached only by evidence of general reputation, and not by evidence of particular acts of misconduct. It should be what *people in general* say, and not what *others* say : Wike *v*. Lightner, 11. S. & R. 198.

The offer in this case fell far short of the requirements of the rule. It was not to prove any general reputation. It was not to show by the oath of a witness that he had actually ever committed a cruel act. It was merely that his children had frequently complained of his cruelty towards them. The complaints of his children did not necessarily establish a general reputation. If they had not, it was error to admit them in evidence. If they had, then the general reputation should have been proved as a fact, and the complaints of a few persons should not have been received for the jury to infer a general reputation therefrom.

Judgment reversed, and a *venire facias de novo* awarded.