## Kramer *versus* The Commonwealth.

On the trial of an indictment for arson, evidence of a subsequent distinct criminal act, but connected in character and purpose with the offence charged, is admissible.

June 12th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Error to the Court of Oyer and Terminer of *Columbia county:* Of May Term 1878, No. 43.

Indictment of Harmon A. Kramer for arson, charged with burning the Exchange Hotel in Bloomsburg, Pennsylvania. The three counts of the indictment charged that defendant had set fire to said building on the 23d of May 1877.

At the trial it was shown on the part of the Commonwealth that about 1 o'clock on the morning of the 23d of May 1877, fires were discovered in the east and west basements of the hotel; that the defendant, who was an inmate of the hotel, had been seen in these basements on the day before, and that he had no business therein, and that his bed was unoccupied on the night of these fires.

The Commonwealth then offered to prove that during the day and evening of the 25th of May 1877, the defendant, when requested and directed to leave the hotel by persons in charge, declined to leave, and made several excuses and unfounded pretexts for remaining, and when peremptorily ordered to go, in the evening of that day, went up stairs twice under false pretenses of getting his clothing and other property, and was in an upper room detected with a light, and upon his leaving the same in apparent confusion of mind, a large quantity of matches were found in the said room, one box of which had been ignited and was still warm, and the said room contained combustible materials—to be accompanied and followed by proof of suspicious conduct of said Kramer during said day and evening, and sundry contradictory and false statements by him, as to his conduct, purposes, possession of matches, and firing the same. This evidence offered to show that the said Kramer attempted and intended the burning of the hotel on the 25th of May as bearing upon the question of the identity

87 299
158 29
87 299
174 258
87 299
186 23

87 299
28 SC 384

[Kramer *v.* Commonwealth.]

of the person perpetrating the burning on the 23d, and as proof of a continuous connected attempt and purpose to fire the said hotel by the said Kramer, and also in part as conduct by defendant evincing conscious guilt.

Objected to, because the evidence was of an attempt to commit a felony on a different day and at a different place from that heretofore alleged and proven before the court, to wit, on the 23d of May 1877. And because there was no evidence before the court which connected Kramer with the burning of the 23d of May, and the evidence offered as to the incidents occurring on the 25th does not tend to connect him with or prove him guilty of the transaction of the 23d.

The court, Elwell, P. J., overruled the objections and admitted the testimony, saying :

"I acknowledge the force of the argument that a party charged with one single offence shall not be required to answer to numerous offences, and that the giving of evidence of a different offence might have a tendency to prejudice the jury against the defendant. Nevertheless, in a case situated just as this is, while acknowledging that rule (and I feel disposed to enforce it upon the minds of the jury), there is some evidence here which we will be obliged to submit to the jury. Whether it will be sufficient to convict, or whether we would allow a verdict to stand, is not the question—we would be obliged to submit it to the jury. And this evidence now offered may have some bearing upon the question of the first alleged firing. In that point of view, it would most certainly be evidence—that is to say, the Commonwealth can show the conduct of the defendant both before the offence was committed and after—show his conduct of a nature bearing upon the question of the act alleged ; they can show his declarations before, his admissions afterwards ; and, if they can show, by any evidence either before or afterwards, a purpose in the mind of the defendant to destroy this building, that would be competent."

Verdict : Guilty in manner and form as indicted, and after a motion for a new trial was discharged, the prisoner was sentenced, when he took this writ, assigning for error, inter alia, the admission of the above testimony.

*A. C. Smith, Hervey E. Smith* and *John G. Freeze*, for plaintiff in error.—The evidence of a subsequent offence not immediately connected in time and circumstance with the former offence charged is not admissible in evidence : 1 Whart. Crim. Law (7th ed.) sect. 631, art. 647 ; Shaffner *v.* Commonwealth, 22 P. F. Smith 60 ; Coble *v.* State, 4 Law & Eq. Rep. 677 ; Brock *v.* State, 26 Ala. 104 ; Rex *v.* Long, 6 C. & P. 179 ; Rex *v.* Trueman, 8 Id. 727 ; People *v.* Clark, S. C. of Mich. ; 1 Law & Eq. Rep. 287.

[Kramer v. Commonwealth.]

*John M. Clark, C. R. Buckalew, W. J. Buckalew* and *George E. Elwell*, for the Commonwealth.—The Commonwealth's offer of testimony, the admission of which is complained of in this specification, covered certain conduct and declarations of the prisoner subsequent to the firing of the hotel. That this proposed testimony in one of its parts, upon a possible construction of the facts, pointed to a renewed attempt by Kramer to fire the building or indicated preparation therefor, did not render the offer inadmissible. "It is admissible to produce evidence of a distinct crime to prove *scienter* or to make out the *res gestœ*, or to exhibit a chain of circumstantial evidence of guilt in respect to the act charged:" Whart. Crim. Law, sect. 650. Much more will evidence be admissible to prove a renewed attempt to consummate the same offence—the destruction of the hotel—and connected in time and circumstances with the former attempt. "Even offences technically subsequent can be admitted when they virtually form one transaction with that under trial:" Whart. Crim. Law, sect. 647 *a.*

The judgment of the Supreme Court was entered June 17th 1878, PER CURIAM.—We discover no error in this case. The assignment most relied on, the third, is not sustained. The offer was not to prove an independent offence on the trial of a case having no connection with it, as in Shaffner *v.* Commonwealth, 20 P. F. Smith 60, but it was to prove acts immediately after the first attempt to burn the hotel, which tended to show a guilty purpose in Kramer's mind, such as would make it quite probable that he was the same person who had made the former attempt. It was a circumstance in the chain of proof. The fact that it indicated an attempt to fire the building again did not weaken the proof of purpose, because if accomplished, it would be a distinct offence. The purpose of the first attempt failed because of the extinguishment of the fire, and though it had burned sufficiently to constitute the offence of arson as a complete crime, yet the purpose was not complete, for that was to consume the building entirely. Being saved, it was clearly the subject of a renewed purpose, and the evidence of this renewed purpose tended strongly to show that the person was the same who made both attempts. The language of the opinion in Shaffner *v.* Commonwealth, is directly in favor of this view. It is there said: "to make one criminal act evidence of another, a connection between them must have existed in the mind of the actor, linking them together for some purpose he intended to accomplish; or it must be necessary to identify the person of the actor, by a connection which shows that he who committed the one must have done the other."

Sentence affirmed and the record remitted for execution.