White, J.
The only question submitted in this case is, whether the council of the city-was authorized to create the offense of which .the accused, Nolte, was convicted.
The ordinance is not made part of the record, but it is admitted that the charge is in accordance with the ordinance. If it were not so admitted, it must be presumed in the absence of any showing to the contrary in the record.
Eor the authority of the city council in the matter, we are referred to section 2108 of the revised statutes. That section, among other things, provides, that the council shall have power “ to provide for the punishment of any vagrant! common street beggar, common prostitute, habitual disturber of' the peace, known pickpocket, gambler, burglar, thief, watchstuffer, ballgame player, a person who practices any trick, game, or device with intent to swindle, a person who abuses his family, and any suspicious person who cannot give a reasonable account of himself.”
One of the classes of persons against whom the council was authorized to provide, was known thieves. The accused was-found to be of this class. The charge on which he was convicted was that of being a hnown thief, and found in the city of Cincinnati, contrary to the ordinance of the city. No question arises on the evidence, and the proof must be presumed to have been sufficient. That the creation of the offense was authorized by the statute we entertain no doubt. The statute declares that the council shall have power to provide for the punishment of miy hnown thief. This brings us to the question whether the enactment'of the statute is within the power conferred upon the general assembly.
*25 The only limitations to the creation of offenses by the legislative power, are the guaranties contained in the bill of rights, neither of whicli is infringed by the statute in question. It is a mistake to suppose that offenses must be confined to specific acts of commission or omission. A general course of conduct or'mode of life which is prejudicial to the public welfare may likewise be prohibited and punished as an offense. Such is the character of the offense in question.
The case of Byers v. Commonwealth (42 Penn. St. 89), cited and relied upon by counsel in this case, has no direct bearing on the question now under consideration. The question there was whether the act of March 13, 1862, of the state of Pennsylvania, authorizing the summary conviction, without a jury, of professional thieves, &c., was valid under the constitution of that state.
The act under consideration in that case is found in 1 JBrightley’s Pardon’s Dig. p. 346, § 158. The act was held constitutional, and the opinion in the case contains a learned summary of the law of England and of Pennsylvania on the subject.
The case of People v. McCarthy (45 How. Pr. 97), involved a similar question arising under a statute of New York. The constitutionality of the statute was also upheld in that case.
In the present case no such question arises. The accused, under our law, was entitled to a trial by jury, as the punishment of -the offense involved imprisonment. Rev. Stats. §§ 1788, 1819. He, however, waived a jury, and consented to be tried by the court.
At common law, a common scold was indictable; so, also, a common barrator; and, by various English statutes, summary proceedings were authorized against idlers, vagabonds, rogues and other classes of disorderly persons. See Stephen’s Dig. of Crim. L. art. 193. In the several states in this country similar offenses are created. In some of the states it is made an offense to be a common drunkard, a common gambler, a common thief, each state defining the offenses according to its own views of public policy. The case of The Commonwealth v. *26 Hopkins (2 Dana, 418), was the prosecution of a person for being a common gambler; of World v. State, 50 Md. 49, for being a common thief.
In such cases the offense does not consist of particular acts, but in the mode of life, the habits and practices of the accused in respect to the character or traits which it is the object of the statute creating the offense to suppress.
The order of the probate court discharging the defendant in error from custody is reversed.