## Commonwealth *v.* Sarves, Appellant.

*Criminal law—Remarks by district attorney—Review.*

Heated language of doubtful professional propriety by the district attorney in a criminal case is not a ground for reversing the judgment against the prisoner, where it is not clear that the manner of trial injuriously affected the defendant, and the trial judge fully guarded the rights of the prisoner in a temperate and impartial charge.

*Criminal law—Keeping bawdy house—Evidence.*

On the trial of an indictment for keeping a bawdy house evidence is admissible as to the number of strangers who visited the place, their purpose in going, their time of going, what they did there and the reputation of the place in the neighborhood.

Argued Feb. 14, 1901. Appeal, No. 7, Feb. T., 1901, by defendant, from judgment of Q. S. Lycoming Co., Sept. T., 1900, No. 73, on sentence of guilty in case of Commonwealth v. Ellen Sarves. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for keeping a bawdy house.

At the trial a witness for the commonwealth was asked this question:

" Q. How many times during the week—during each week during the last two years, have you had opportunity of knowing how frequently men entered this place on Walnut street?"

Mr. Reilly: Objected to for the reason that it is leading; second, because incompetent, irrelevant and immaterial.

The Court: We will receive it.

To which ruling counsel for defendant except, and at their request a bill is sealed.

" Q. Will you kindly tell the court and jury how frequently during the last two years you have seen men enter this place during the evening when you say you had a chance to see them? A. I have had opportunities in the evening from 7 o'clock to as late as 12 of seeing men frequent this place, being in the neighborhood. Perhaps some weeks a couple went a couple evenings; other weeks there may have been in the neighborhood of four times during the week. Q. For how long a time has that opportunity presented itself to you? A. Ever since she

lived on the street.   Q. How many men are admitted to this house at a time ? "   Mr. Reilly : The question is objected to, for the reason that it is only proposed to bring out the fact that men went there without reference to the question of character or reputation of the persons inquired after.   Second, because the question suggests the idea that it is not proposed to follow it by evidence even tending to show the reputation or character of the men inquired after.   Third, incompetent, irrelevant and immaterial.   Fourth, nor the purpose of the visit of said men.

The court : We will overrule the objection and note an exception—bill sealed. [3]

" Q.   (Question repeated).   A. I seen three slide in at a time "

Mr. Reilly : During the remarks of counsel for the commonwealth, the district attorney has stated that if the jury is looking for a private prosecutor they may find him to be such prosecutor.   This note is made in the hearing of the district attorney and in the presence of the court, to which counsel for defendant respectfully asks for an exception.

The Court : Upon what ground?

Mr. Reilly : For the reason that it is improper.

The Court : We will give you an exception—bill sealed. [5]

Mr. Reilly : In the presence of the court and the district attorney, and I request this note to be made, that it has been stated to this jury by the district attorney that Ellen Sarves is driving men to hell and separating women and husbands, and suggest to the court that there is no evidence of the same, and ask the court to withdraw that from the jury when he comes to his charge.

The Court : We will give you an exception to the remarks —bill sealed. [6]

Mr. Reilly : In view of the fact that we have taken exception to several remarks of the district attorney praying the jury to pass upon the question of his being the private prosecutor, I deem it my duty to ask the court, in view of another fact, to say this : The district attorney announces to the jury the reason why he didn't ask these witnesses upon the stand whether or not they had intercourse with any persons at this house ; he gave as his reason for not asking that question that they would have had the privilege of declining to answer it, and I request

the court to say to the jury that the district attorney had a right to ask that question of each and every witness who were called upon the stand.

The court in its charge said:

Now there is no direct testimony on this question as the district attorney has said. The district attorney could ask these witnesses the question whether they had intercourse with these women, but any one could, if he chose, take advantage of the law, and could say that he did not care to answer, because his answer would tend to incriminate himself, and no man is obliged to do that. Of course, the district attorney would have a right to put that question to each witness.

Mr. Kaupp: I simply want to ask the court to instruct the jury, that it is not necessary to actually see the parties in order to prove a fornication was committed in the house.

The Court: I think they understand that. They can draw their own inferences. They probably know what a man goes to a house at 11 o'clock at night for. [7]

Defendant's points and answers were as follows:

1. That there is no evidence in this case to show that Ellen Sarves, the defendant, is the keeper of the house in question. *Answer:* We refuse that point. [8]

3. That to constitute the crime charged in this case the jury must be satisfied from the evidence, beyond a reasonable doubt, that not only men but women other than the keeper of the house frequented it for the practice of fornication. *Answer:* We affirm that point, but by affirming it we do not mean to say that the commonwealth should prove other women to have gone there with the men. If the women are there at the house, and men go there to meet the defendant and sister, and practice fornication with them, that would be sufficient to constitute the offense. [9]

4. A bawdy house is a house kept for the reception of persons who choose to resort to it for the purpose of illicit sexual intercourse, but the house must be resorted to in common by other women, and unless the evidence in this case shows that the house in question was resorted to in common by other women than the keeper, there can be no conviction. *Answer:* This, gentlemen, we affirm, as we did the one preceding. [10]

5. That under all the evidence the verdict should be not guilty. *Answer:* We refuse that point. [11]

The court charged in part as follows:

[There is also the testimony of the witnesses who were in the house. Mr. Kast went there quite frequently, and stayed there until 2 o'clock in the morning; that he stayed there one time all night, and, as I remember, occupied the same bedroom with one of the women.] [12]

[We have the direct testimony of two or three men. That of Mr. Frantz would be direct testimony, and the two men who were in the house. Was this house kept by this woman as a place for the practice of fornication, or illicit intercourse? We say to you, in order to make out a case against this defendant, it is necessary for you to find not only that men went there and had intercourse with her, but that she kept the house and had some woman other than herself there for this purpose. The commonwealth contends that it has made out a case by showing that there were two women there.] [13]

Verdict of guilty upon which judgment of sentence was passed, that the defendant pay a fine of $50.00, and undergo imprisonment for a period of one year.

*C. J. Reilly* and *B. S. Bentley*, with them *W. E. Ritter*, for appellant, cited as to the evidence sufficient to prove the offense: Com. v. Murr, 7 Pa. Superior Ct. 391; State v. Brunell, 29 Wis. 435; Cadwell v. State, 17 Conn. 467; Com. v. Green, 126 Pa. 531; State v. Boardman, 64 Me. 529; King v. People, 83 N. Y. 587; State v. Garing, 75 Me. 591; Com. v. Lambert, 12 Allen, 177; Com. v. Stewart, 1 S. & R. 342; State v. Hand, 7 Iowa, 411; Toney v. State, 60 Ala. 97; State v. Leach, 50 Mo. 535; Allen v. State, 15 Tex. App. 320; State v. Evans, 5 Iredell, 603; Com. v. Nicely, 130 Pa. 261; Raggio v. People, 26 N. E. Repr. 377; People v. Dane, 26 N. W. Repr. 781; Brow v. State, 103 Ind. 133.

*Otto G. Kaupp*, district attorney, for the commonwealth, cited as to the evidence: Com. v. Gannett, 1 Allen, 7; Harlow v. Com. 11 Bush, 610.

Cited as to the language of the district attorney: Com. v.

Mudgett, 174 Pa. 211 ; Com. v. Windish, 176 Pa. 167 ; Com. v. Weber, 167 Pa. 153.

OPINION BY ORLADY, J., July 25, 1901 :

The defendant was convicted, under the 43d section of the penal code of 1860, of keeping and maintaining a common bawdy house or place for the practice of fornication. In this case, as presented by the record, there are no specially new questions differing from those decided by this court in Commonwealth v. Murr, 7 Pa. Superior Ct. 391. While the printed record indicates that in the contest before the jury excessive earnestness on the part of contending counsel was displayed, and expressions of very doubtful professional propriety were used, yet it is not clear that the manner of trial injuriously affected the defendant. Such forensic displays rarely affect the deliberate judgment of a jury, and in this case they were conducted under the supervision of the trial judge who fully guarded the rights of the defendant in a temperate and impartial charge.

The decree of proof required to determine the character and reputation of the house and its occupants was fully explained to the jury. The purpose of strangers visiting the place, the time of such visits, their conduct while there, its neighborhood fame, and the credibility of the witnesses were facts for the jury, and as such were submitted. The answers to the defendant's points were substantially affirmed except the fifth and sixth which were rightly referred to the jury.

The assignments of error are overruled, the judgment is affirmed and it is ordered that the record be remitted to the court below so that the sentence be carried into effect.