## Commonwealth v. Salawich.

*Criminal law—Charge—Review.*

A trial judge in a criminal case cannot be convicted of error because he called the attention of the jury to the character of the evidence necessary to convict the defendant under the indictment, but leaves it to the jury to determine whether or not the testimony of the witness is of the character indicated.

A judgment in a criminal case will not be reversed because during the course of the trial, and in the presence of the jury, the trial judge called to the bar of the court a witness and bound him over to answer the charge of perjury.

*Criminal law—Locus in quo—Judicial notice.*

Where it is proven that a crime was committed in a city, the court will take judicial notice of the fact that the city was within the county named in the indictment.

Argued April 24, 1905.    Appeal, No. 6, Jan. T., 1906, by plaintiff, from judgment of Q. S. Luzerne Co., Sept. T., 1904, No. 621, on verdict of guilty in case of Commonwealth v. Steven Salawich.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Indictment for keeping a bawdyhouse.    Before HALSEY, J.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were in the following form:

1. The court erred in its charge in directing in strong and argumentative language the attention of the jury to the testimony and theory of the commonwealth without adverting at all to the defendant's side of the case and to the entire exclusion of the defendant's case, when his witnesses were more in number and his testimony as voluminous as the commonwealth's.

2. The court erred in calling the defendant's witness before the court in the course of the trial and in the presence and hearing of the jury, and charging him with having committed willful and corrupt perjury in his evidence given for the defendant, and holding him to bail for the next quarter sessions and ordering an officer to take him into custody.

3. The court erred in permitting a verdict of guilty when the commonwealth did not show that the crime alleged was committed within the county.

*P. M. Thornton*, with him *S. S. Herring* and *James C. Murray*, for appellant.

*Abram Salsbury*, assistant district attorney, with him *B. R. Jones*, district attorney, for appellee.

PER CURIAM, July 13, 1905:

We are unable to find in the charge of the court any error, as alleged by the plaintiff, in the manner in which the court submitted the facts to the jury. There was no summing up of the facts presented by the commonwealth and the attention of the jury was not called to them in any way that was unusual or objectionable. The attention of the jury was called to the character of the evidence necessary to convict the defendant under the indictment, but as to whether or not the testimony of the witnesses was of the character indicated was left to the jury entirely. .

The extract from the opinion of the Superior Court in Comth. v. Murr, 7 Pa. Superior Ct. 391, read to the jury, had nothing whatever to do with the facts of the case. It was simply the authority upon which the court relied for submitting to the jury the question of the general reputation of the character of the house as well as that of its inmates, as competent evidence for the consideration of the jury.

The fact that the number of witnesses for the defense was greater than for the commonwealth and that the testimony is about equal in quantity, as alleged by the appellant, needs no comment. The testimony of the defendant was, for the most part, of a negative sort, requiring no comment, even if the court had summarized the evidence of the commonwealth, which it did not.

Under the peculiar circumstances of the case, we can see no error in the court calling to its bar the witness Laneno and binding him over to answer to the charge of perjury. This fact may have tended to impress the jury with the doubt in the mind of the court as to the credibility of the witness, but it could not emphasize the unfavorable impression which must

have been left in the minds of its members from the witness's own testimony. In any event we cannot see that this appellant can rightfully complain.

As to the objection that it was not shown that the offense charged was committed within the county of Luzerne, it is sufficient to say that the court could, as it did, take judicial notice of the fact that the city of Wilkes-Barre, in which the crime was shown to have been committed, was in that county.

We are all clearly of the opinion that no error was committed in submitting the case to the jury and, as the facts were left to them to be found, there is no ground for interference with the judgment pronounced upon their verdict.

Judgment affirmed.