### GRAY v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. July 6, 1920.)

No. 2538.

1. **Disorderly house ☞16—Evidence of general reputation admissible.**
   In a prosecution for keeping a bawdyhouse within the prescribed distance from a military camp, testimony that the place had the general reputation of being a bawdyhouse *held* admissible.

2. **Criminal law ☞789 (2)—Instructions as to reasonable doubt approved.**
   Instructions explaining reasonable doubt *held* not erroneous.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Criminal prosecution by the United States against Anna Gray. Judgment of conviction, and defendant brings error. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. Washington Logue and John R. K. Scott, both of Philadelphia, Pa., for plaintiff in error.

Robert J. Sterrett and Charles D. McAvoy, both of Philadelphia, Pa., for the United States.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and ORR, District Judge.

BUFFINGTON, Circuit Judge. The defendant was convicted in the court below of keeping a bawdyhouse within 10 miles of a military camp, in violation of orders of the Secretary of War issued in pursuance of section 13 of the Act of May 18, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2019b). We have examined the proofs, and we feel they sustain the verdict.

[1] Criticism is made of certain language of the judge's charge quoted in the margin,[1] bearing on hearsay evidence as to the defendant's house having the reputation of being a bawdyhouse. Clearly, under the authorities, the judge was warranted in so holding. Commonwealth v. Sarves, 17 Pa. Super. Ct. 407; Commonwealth v. Murr, 7 Pa. Super. Ct. 391.

[2] Further complaint is made of his instruction as to reasonable doubt. We think the language of the judge, which is printed in the margin,[2] was well considered and clearly and properly stated, and it

---

[1] "First, as to the character of this house: Ordinarily, as you all know, hearsay evidence is not admitted in the trial of cases. It is not considered reliable evidence, for the reason among others, that the best evidence, as we call it, of whether a thing is true or is not true is not whether somebody or many people say it is true or is not true; but it is the testimony of the person who knows the fact from which the existence of the offense may be determined. But upon the question as to whether or not a given place is maintained and kept going as a bawdyhouse, there is an exception to that rule, and you may hear and consider and be convinced, if it otherwise satisfies your judgments, by evidence of that kind, although it is hearsay evidence. In other words, you may establish the existence of the fact of there being such a place by the other fact that it has the general reputation of being a house of that character. That is evidence from which you may be satisfied that the house was that description of house. That exception to the general rule is partly due to the exigencies of the case. The law recognizes that you cannot get first-hand evidence of the character of a house of that kind, because you cannot compel the proprietor of it to confess that it is a house of that character; neither can you compel, nor can you expect to be able to get, the frequenters of that house to come here and say what was going on in that house within their knowledge. As sensible men you can understand that difficulty. If you were required to have flat first-hand testimony, as I will call it, of what is going on in houses of this kind, you never could get legal evidence of its existence. Therefore the law permits, in cases of this kind, evidence to go to the jury of the reputation of the house, and that means that the house may have a reputation, precisely as a man has a reputation. He may have the reputation of being a good man or a bad man, a wise man or a foolish man, an honest man or a dishonest man, and you can infer what he really is from the evidence of what his real character is that you have in his reputation."

[2] "Now, you want to know what is a reasonable doubt within the meaning of the law. What does the law mean by that? The best idea that you can get of it, aside from any formal stereotyped definition, is this: We all know we have beliefs or convictions, or we reach conclusions; we have judgments about certain things, and those convictions, those beliefs, those conclusions,

helpfully aided the jury in arriving at its verdict. Complaint is also made that the court did not confine itself to a categorical affirmance of that part of the defendant's fourth point that, where there were "two constructions, or two conclusions, either of innocence or guilt, the jury must acquit," but, after affirming, went on to illustrate to the jury what the point meant. We find nothing in the explanation which in any way minimized or detracted from the affirmance of the point which the judge gave, and therefore what additional remarks were made in no way prejudiced the defendant's case.

Finding no error in the record, and feeling the defendant was properly convicted and sentenced for her part in aiding in debauching men in military camps, the record is remitted to the court below to enforce its sentence.

those judgments, vary in strength. Sometimes your conviction is so strong that you feel justified in saying, 'Why, that is the truth of this case, and I am absolutely sure of it.' That is your state of mind. Understand, you may be wrong. There is always the possibility of error in human affairs. There is always a theoretical doubt about the correctness of any conclusion to which you come. No matter how sure you may be in your minds, there is always the possibility, at least a theoretical possibility, that you may be wrong. The law does not mean that kind of a doubt, or that kind of a possibility. The appeal is to your own state of mind. How do you feel about it? Do you feel that strength of conviction, so that you are justified in saying to yourselves, 'Now, I think that is right; and I have no reasonable doubt about it in my mind.' You catch the point. Bear in mind, it is not mere doubt, as I have said—not only the mere theoretical doubt to which I have referred, and the law does not say merely a doubt, but it is a reasonable doubt. If it is reasonable, it is founded upon something, and if the question is raised as to there being a reasonable doubt, you ask the question of yourself, 'What reason is there to doubt? Why should any reasonable man have a doubt about the correctness of the conclusion to which he may come?' If you are able to say that you have that degree of assurance that you are right, a feeling of that strength that you are right, that is the degree of the conviction of the truth and correctness of the conclusion reached which the law requires."