# Commonwealth *v.* Jones, Appellant.

*Criminal law—Murder—Evidence of good character—Reputation—Rebuttal of testimony as to other crime.*

1. Character can be impeached only by evidence of general reputation, and not by evidence of particular acts of misconduct.

2. In a murder case it is reversible error for the trial judge to permit proof of a specific offense on a previous occasion to rebut evidence of good character.

3. The fact that previous criminal acts were part of an admission or declaration made by the defendant does not change the rule that specific offenses cannot be offered as rebuttal of evidence of good character.

4. It is error to permit the Commonwealth to ask on cross-examination of a witness called to testify as to defendant's good character, whether the witness did not know defendant was a married woman living in adultery with an unmarried man.

*Appeals—Evidence—Offer—Reason—Another reason on appeal.*

5. Where evidence is offered for one purpose on trial it cannot be justified for another reason on appeal.

Argued March 24, 1924.   Appeal, No. 340, Jan. T., 1924, by defendant, from judgment of O. & T. Phila. Co., Oct. T., 1923, No. 470, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Mattie Jones.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Indictment for murder.   Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree, on which sentence was passed.   Defendant appealed.

*Errors assigned* were rulings on evidence referred to in the opinion of the Supreme Court, quoting record.

*J. Austin Norris,* with him *Mercer L. Lewis* and *William H. Thompson,* for appellant.—It was error to admit evidence of a prior independent offense alleged to have been committed by defendant to rebut testimony of defendant's good reputation: Com. v. Colandro, 231 Pa. 343, 356; Com. v. Lisowski, 274 Pa. 222.

It was error to permit the Commonwealth, in their cross-examination of the defendant's character witness, to examine him on traits of character which in human nature are not related to the act for which defendant is charged: Com. v. Wilson, 186 Pa. 1; Pauli v. Com., 89 Pa. 432; Com. v. Colandro, 231 Pa. 356; Com. v. Snyder, 85 Pa. 519; Com. v. Vardelle, 70 Pa. Superior Ct. 241.

*Charles F. Kelley,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Com. v. Shanor, 29 Pa. Superior Ct. 360; Com. v. Fiorentino, 266 Pa. 261; Com. v. Brandler, 81 Pa. Superior Ct. 585; Com. v. Principatti, 260 Pa. 587, 600.

OPINION BY MR. JUSTICE FRAZER, April 28, 1924:

Defendant was indicted and convicted of murder of the first degree.   The questions raised on this appeal re-

late to the admission of evidence offered by the Commonwealth to rebut testimony of good character, produced on behalf of defendant.

The first assignment of error refers to the testimony of a witness called on behalf of the Commonwealth to rebut evidence of good character, who, when asked whether she had a conversation with defendant in regard to trouble the latter had at a previous time, answered, over objection, that defendant, at that time, during a quarrel between her and deceased, said to the witness she "killed a white man and got out of it and she knew she could kill a nigger and get out of it." The objectionable feature of this testimony is that it permitted proof of a specific offense on a previous occasion to rebut evidence of good character. The well established rule is that character means reputation in the neighborhood and while it grows out of general conduct it cannot be proved by specific acts, inasmuch as a person may, under particular circumstances, act contrary to his ordinary disposition and practice. Furthermore, to permit character to be shown by particular acts necessarily creates as many collateral issues as there are matters to be proved and thus confuses the real issue. "Reputation is a fact that is to be directly proved, and not inferred from special acts. A person may have a very good reputation in his or her neighborhood, notwithstanding acts of indiscretion and error. One is presumed to have that, and this presumption is to be set aside only by proof of the contrary. Proof of acts is not proof of reputation. The law does not inquire whether the reputation is well founded or not; for, to do so, it would have to investigate the whole life of the person, which is impossible": Hoffman v. Kemerer, 44 Pa. 452. "Character can be impeached only by evidence of general reputation, and not by evidence of particular acts of misconduct. It should be what people in general say, and not what others say": Snyder v. Com., 85 Pa. 519, 522. A strict application of this rule is found in Wike v. Lightnew, 11 S. & R. 198, where it

was held improper to ask a witness whether he heard "of others" the character defendant bore in the neighborhood, it being stated the proper question was not what others said but what "people in general" said. Further illustrations of this rule are found in Com. v. Colandro, 231 Pa. 343, and Com. v. Gibbons, 3 Pa. Superior Ct. 408.

The Commonwealth argues that the evidence admitted under the first assignment of error was admissible to show malice, hatred and ill-will on the part of defendant toward deceased. It may be said, in answer to this, that the evidence was not offered for that purpose but with the express intent of rebutting testimony of good character. In addition to this, the fact that defendant killed another man, if that were a fact, would have no bearing on the offense charged and proof of one offense does not tend to prove the commission of the other. The admission of such evidence has a strong influence on the minds of the jury, however, as they naturally assume if defendant were guilty of one crime she might have a tendency to commit another offense of like character. "To make one criminal act evidence of another, a connection between them must have existed in the mind of the actor, linking them together for some purpose he intended to accomplish; or it must be necessary to identify the person of the actor, by a connection which shows that he who committed the one must have done the other. Without this obvious connection, it is not only unjust to the prisoner to compel him to acquit himself of two offenses instead of one, but it is detrimental to justice to burthen a trial with multiplied issues that tend to confuse and mislead the jury. The most guilty criminal may be innocent of other offenses charged against him, of which, if fairly tried, he might acquit himself. From the nature and prejudicial character of such evidence, it is obvious it should not be received, unless the mind plainly perceives that the commission of the one tends, by a visible connection, to prove the commission of the other by the prisoner": Shaffner v. Com., 72 Pa. 60, 65.

The mere fact that the acts referred to were part of an admission or declaration made by defendant herself does not change the rule that specific offenses cannot be offered in rebuttal of evidence of good character. This question was directly decided in Com. v. Wilson, 186 Pa. 1, where statements made by defendant in regard to obtaining admissions of the commission of crimes, other than that under investigation, were offered and admitted by the court below. In reversing the case it was said (page 22) : "Wilson's statement in regard to crimes committed at other times, at other places, and upon other persons, having not the least connection with the killing of Bonnecke, were not admissible against the defendant in this case. They served to blacken his character, to arouse indignation against him in the minds of the jurors and to show him to be a monstrous criminal who was capable of any crime in the calendar, but they threw no light on the question the jury had to determine. If a conviction upon general principles could be defended, then possibly all this evidence relating to other crimes would be proper, but upon a trial for a specific crime, the evidence should bear some relation to the question of the defendant's connection with the particular crime charged. Proof of other crimes may sometimes become competent for a particular purpose, as in Com. v. Ferrigan, 44 Pa. 386, where the purpose was to show the quo animo of defendant and motive; or in Goersen v. Com., 99 Pa. 388, to establish identity, deliberation or guilty knowledge; or where the two offenses are connected in character and purposes, as in Kramer v. Com., 87 Pa. 299; but the general rule as we have stated it above is recognized in all these cases and in the textbooks."

The second assignment charges the trial judge was in error in permitting the Commonwealth to ask, on cross-examination of a witness called to testify as to defendant's good character, whether the witness did not know defendant was a married woman living in adultery with an unmarried man. While this would have been proper

to test the credibility of the witness and show the extent of his knowledge of the reputation borne by defendant, the evident purpose of the offer was to rebut the testimony of good character by showing defendant had committed a specific crime, and it must have been so understood by the jury, from the statement made by the trial judge to counsel, inquiring whether one who lived in open adultery was a law-abiding citizen and whether one can "commit all the other crimes in the calendar and still be a peaceful, law-abiding citizen"? Such statements in the hearing of the jury were bound to have a strong bearing on the verdict and tended to give the jurors a false impression as to the proper weight to be given them.

The testimony covered by the assignments of error was improperly admitted and was prejudicial to defendant; both assignments must, therefore, be sustained.

The judgment is reversed and a new trial granted.