## Commonwealth v. Ciccone, Appellant.

*Criminal law—Gambling house—Evidence—Reputation — Admissibility.*

In the trial of an indictment for keeping a gambling house, evidence of the general character and reputation of the persons frequenting the place is admissible. Proof is also admissible of the general reputation of the place itself. The keeping of a common gambling house is per se a nuisance at common law, whether or not it is conducted in such a manner as to amount to a disturbance of the public peace. Evidence of events occurring in the house and its reputation prior to the time covered by the indictment is competent. It may be that such evidence, standing alone, would not be sufficient to establish the character of the place, but, it is a circumstance to be weighed with others.

On an indictment for keeping a gambling house a verdict of guilty will be sustained where there is sufficient evidence to justify a verdict and the case was submitted to the jury in a charge which was free from error.

Submitted March 16, 1925. Appeal, No. 127, April T., 1925, by defendant, from judgment of Q. S. Lawrence Co., June Sessions, 1924, No. 33, in the case of Commonwealth of Pennsylvania v. John Ciccone. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for keeping a gambling house. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned* was, among others, various rulings on evidence and refusal to grant a new trial.

*T. W. Dickey,* and with him *S. L. Clark,* and *Cunningham and Graham,* for appellant.

*R. L. Hildebrand,* for appellant.

OPINION BY PORTER, J., April 28, 1925:

The defendant was convicted upon an indictment containing two counts; the first charging that he did in a certain room set up and establish a certain gaming device of address and hazard, etc., at which money and other valuable things were played for, and the second charged that he did unlawfully procure and permit persons to collect and assemble in said room for the purpose of playing at and staking and betting upon a certain game of address and hazard, etc., money and other valuable things; from which conviction he now appeals.

It is argued on behalf of appellant that the first four assignments of error raise questions as to the admissibility of evidence of the reputation of the place and the appellant, and the parties who were found in the place at the times the police made two raids upon the estab-

lishment. An examination of the evidence admitted subject to the exceptions upon which those assignments of error are based discloses that that evidence did not in any manner refer to the reputation of this appellant, nor did it refer to the general reputation of the visitors who were found in the place. Some of the witnesses, it is true, testified that among those arrested at the time the raids were made were some men who had no occupation but made their living by gambling, but others who were there found were working men who only gambled occasionally. These witnesses were not testifying to the reputation of the men, they were stating facts which they asserted to be founded upon their own knowledge. Evidence was admitted, subject to exception, to the effect that the place had the general reputation of being a gambling house.

In a broad sense the term "disorderly house" includes bawdyhouses, common gambling houses, and places of like character. It must, however, be recognized that the specific kinds of disorderly houses which are regarded in law as nuisances per se are bawdyhouses and gaming houses. The other kinds of disorderly houses are nuisances only as they are conducted in a manner to annoy the public; this class includes tippling houses and places of like character. The neighbors who complain of the disturbance caused by this latter class of nuisances, may be called as witnesses to state the specific facts upon which they ground their complaints, and which it is charged disturb the peace and quiet of the neighborhood. Such houses, not being nuisances per se, it must be shown that they are conducted in a manner to annoy the public, and in such a case evidence as to the general reputation of the place is not admissible: Com. v. Stewart, 1 S. & R. 342. With a bawdyhouse or gaming place it is different. The bad conduct occurring therein is usually of such a kind as can only be proved directly by the testimony of the participants and they cannot be compelled to incriminate and disgrace themselves.

Hence it is, that evidence of the general reputation of the inmates and frequenters is admissible, and for the same reason, proof of the general reputation of the place should also be allowed: Com. v. Murr, 7 Pa. Superior Ct. 391; Com. v. Sarves, 17 Pa. Superior Ct. 407; Com. v. Bunnell, 20 Pa. Superior Ct. 51.

The indictments in the several cases last cited were, it is true, for keeping a bawdyhouse, but there seems to be no reason, founded upon principle, for applying different rules of evidence when the charge is keeping a gambling house. The keeping of a common gambling house and that of keeping a bawdyhouse were per se nuisances at common law, whether or not they were conducted in such a manner as to amount to a disturbance of the public peace: King v. People, 83 N. Y. 587; Com. v. Goodall, 165 Mass. 588; Hawkins' P. C. c. 74; Lord v. State, 16 N. H. 325; Rex v. Rogier, 1 B. & C. 272; Rex v. Dixon, 10 Mod. 335; 1 Hawkins' P. C. c. 75, sec. 6. Evidence of events occurring in the house and its reputation prior to the time covered by the indictment is competent: United States v. McCormick, 4 Kranch C. C. 104; Hogan v. Smith, 76 Ga. 82; Graeter v. State, 105 Ind. 271; Burton v. Com., 4 Ky. N. Rep. 532; State v. Bresland, 59 Minn. 281. It may be that such evidence, standing alone, would not be sufficient to establish the character of the place, but, it is a circumstance to be weighed with others. This evidence does not go to the question as to who is the keeper of the house. It is not to be regarded as more than an aid to ascertaining the character of the place.

The setting up of gambling devices, permitting persons to assemble in a place for the purpose of gambling and conducting a common gambling house are misdemeanors and all who aid and assist the proprietor in the commission of the offense, by such acts as standing guard at the door to protect the players against the intrusion of others, looking after the rake-off to which the house is entitled, and the performance of similar acts, are prin-

cipals.    The evidence in this case was sufficient to warrant a finding that this defendant had assisted in conducting a place in which persons were permitted to assemble for the purpose of gambling, and the question of fact was submitted to the jury under instructions of which the appellant has no just cause for complaint.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.