## Commonwealth v. Tingle

*J. Stroud Weber*, district attorney, for plaintiff.

*H. L. Haws*, for defendant.

KNIGHT, P. J., February 6, 1952.—Defendant was convicted on two bills of indictment and has moved for a new trial.

Bill no. 30, June sessions, 1951, charged defendant with setting up a lottery, being concerned in a lottery and selling lottery tickets.

In support of this bill the Commonwealth produced two police officers of Lower Merion Township who testified that they entered a taproom in Lower Merion patronized by colored people where they saw defendant standing near a washroom, they took him aside and searched him, finding a pencil, several blank sheets of paper and $47.50 in money on his person. On a shelf above the door in the washroom they found six alleged number books or pads, some filled, some partly filled and some blank, the plays shown by the books totaling $47.41. In a 1946 Oldsmobile sedan outside the taproom the officers found a bag containing 300 pennies and two number slips containing plays. This automobile, while purchased by and registered in the name of Aaron Tingle, brother of defendant, had been constantly driven and used by defendant as had the Cadillac which had been traded in for it.

Defendant did not take the stand or offer any evidence in his defense. His counsel demurred to the evidence and presented a point for binding instructions, both of which were denied. We are of the opinion that

the evidence was sufficient to submit to the jury and to sustain the verdict of guilty in June sessions, 1951, no. 30. Bill no. 30-1, June sessions, 1951, charged defendant with being a common gambler. To support this charge the Commonwealth offered in evidence a prior conviction of defendant on the charge of maintaining a gambling house or being concerned in a lottery, also the testimony of five police officers that they had never known defendant to work although they had known him for years; that defendant consorted with known gamblers and number writers and that he had the reputation of being a number writer.

We are of the opinion that the evidence of his prior conviction on a gambling charge and that he had no legitimate way of supporting himself and operating his expensive cars was properly admitted on the charge of being a common gambler but we are of the opinion that the trial judge erred in admitting evidence that he consorted with known number writers and that he himself had the reputation of being a number writer.

The general well-established rule is that evidence of bad reputation cannot be admitted against a defendant unless he offers evidence of his good reputation. The district attorney argues that the offense of being a common gambler is an exception to the general rule. We have been unable to find any authority to sustain this contention in Pennsylvania nor has any been called to our attention.

Wigmore on Evidence, sec. 1620 (3), contains this:

"The offence of being a common thief, or a common gambler, or other *common offender* . . ., is one which by some courts, sometimes under statute, has been regarded as provable by reputation, but perhaps the notion here enters that reputation is part of the issue."

We know of no statute in Pennsylvania which permits evidence of reputation to be admitted to prove the charge of being a common gambler. The charge

against defendant is that he is a common gambler, not that he has the reputation of being one.

It is also true that a place or house was maintained or kept as a public gaming house may be shown by proof of its general reputation in the community (Commonwealth v. Ciccone, 85 Pa. Superior Ct. 316), but we can find no authority for extending the doctrine of this case to a *person* charged with being a common gambler. There is nothing in the case of Commonwealth v. Manuszak et al., 155 Pa. Superior Ct. 309, which supports the contention that reputation evidence is admissible in a case such as this.

We will not unduly extend this opinion by the citation of cases and quotations therefrom, but we will attach hereto a memorandum of the authorities we have examined in arriving at the conclusion that it was error to admit in this case evidence of the reputation of defendant as a common gambler.

Since the evidence of the reputation of defendant as a common gambler may have been very prejudicial to him on the charge of selling lottery tickets or being concerned in a lottery, a new trial should be granted as to both verdicts of guilty.

And now, February 6, 1952, the motions for a new trial are allowed and a new trial is granted as to the verdict rendered on bill no. 30, June sessions, 1951, and a new trial is granted as to the verdict rendered on bill no. 30-1, June sessions, 1951.

*Memorandum of Authority*

Wigmore on Evidence, vol. V, 3rd ed., sec. 1620, pp. 450, 498, 499.
Wharton's Criminal Evidence, vol. I, 11th ed., sec. 489, page 737.
38 C. J. S. 180, §126.
Mitchell v. State, 9 Okla. Cr. 172, 130 Pac. 1175.
Commonwealth v. Hopkins, 32 Ky. 418.
Wigmore on Evidence, vol. I, 3rd ed., sec. 203, pp. 693 and 694.
Commonwealth v. Manuszak et al., 155 Pa. Superior Ct. 309.