# Commonwealth v. Warner.

*Evidence—Assault—Title to lands inadmissible.*

In a prosecution arising out of an alleged assault and battery where there is no pretense that a trespass on land was attempted or resisted, it was entirely proper to exclude testimony as to the lands of the prosecutor and the lands of the defendant. The practice of trying ejectment suits or attempting to try them in the quarter sessions ought not to be encouraged.

*Evidence—Criminal assault—Identification of knife.*

Evidence to identify a knife found in the road is admissible in a case of assault where there was testimony of a knife having been drawn and where both prosecutor and defendant disclosed knife wounds after the fight was over.

*Charge of court—Review as a whole—Disconnected paragraphs.*

Where the charge as a whole was a correct exposition of the law and an adequate and impartial presentation of the case without any tendency to mislead or confuse the jury, it is not to be reviewed upon sentences or paragraphs disconnected from the context which qualifies or explains them.

It is not error for a judge to express his opinion upon the facts if done fairly, provided he does not give binding instructions, nor is he required to repeat all the testimony but only in so far as he attempts to do so accurately and impartially.

Argued Jan. 15, 1900. Appeal, No. 5, Jan. T., 1900, by defendant, in a suit of Commonwealth of Pennsylvania against

462        COMMONWEALTH v. WARNER.

Louie V. Warner, from sentence of Q. S. Bradford Co., Sept.
Sess. 1897, No. 20, on verdict of guilty. Before RICE, P. J.,
BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCH-
ELL, JJ. Affirmed. Opinion by W. D. PORTER, J.

Indictment for assault. Before DUNHAM, P. J., of the 44th
judicial district, specially presiding.

It appears from the record that the indictment contained two
counts charging (1) assault with a stone or stones with intent
to kill and murder, and (2) an assault and did inflict grievous
bodily harm.

The facts sufficiently appear in the opinion of the court.

[At the trial there having been evidence introduced as to a
bloody pocket knife found on the ground, the plaintiff was per-
mitted to introduce evidence, under objection of defendant,
under the following offer: We offer to prove by the witness on
the stand that she is the daughter of prosecutor, C. F. Babcock,
that she has frequently seen his pocket knife that he carried,
and that the small blade of the knife was broken.] [1]

The court charged the jury in part as follows:

[And all this evidence as to the lands of Mr. Warner, or the
evidence of the lands of Mr. Babcock, has nothing whatever to
do with this case. We do not see how the question of this
stake has anything whatever to do with this case, because the
evidence on the part of the commonwealth and the evidence on
the part of the defendant is that whatever was done or whatever
had been done to that stake had been done before any of this
fight.] [2]

Verdict of guilty on the second count and sentence to pay a
fine of $25.00, costs of prosecution and undergo imprisonment
for three months in the county jail. Defendant appealed.

*Errors assigned* among others were (1) to ruling on evidence.
(2) To a portion of the judge's charge, reciting same. Other
assignments (3–8) were to detached portions of the charge.
(9) In its charge as a whole to the jury as follows:

1. "It is misleading as it presents but the side of the com-
monwealth.

2. Its general tenor is against the defendant.

461, (1900).] Assignment of Errors—Opinion of the Court.

3. It is an exaggeration of the commonwealth's evidence."

In making this assignment of error the rule is not complied with because the charge is too long to be here inserted, but this should be considered, because there was an exception taken to the charge before verdict, as follows :

"Defendant excepts to the above charge before verdict. Bill sealed for defendant."

*D. C. De Witt*, for appellant.—While we select parts of the charge and assign them as error, still we ask that the charge be considered as laid down by Justice McCollum in Com. v. Johnson, 133 Pa. 293.

The charge as a whole was misleading. "Where the language of the charge as to the true character of the testimony tends to mislead the jury, it is error and a ground for reversal : " Fawcett v. Fawcett, 95 Pa. 376.

The above cases have been referred to by the Supreme Court with approval and the law as to what is error in the charge of a court is well settled. If it were necessary, an examination of the cases following would affirm and strengthen those already cited : Linn v. Com., 96 Pa. 285 ; Com. v. Kaiser, 184 Pa. 493 ; Com. v. Clemmer, 190 Pa. 202 ; Walton v. Caldwell, 5 Pa. Superior Ct. 143 ; Taylor v. Burrell, 7 Pa. Superior Ct. 461.

Where the complaint is that the charge was inadequate or one-sided and a particular error of law or misstatement in the evidence cannot be pointed out, the court will be reviewed on the general effect of the charge and not upon sentences or paragraphs disconnected from the context which qualifies or explains them. If as a whole, the charge was calculated to mislead there is error in the record ; if not there is none : NcNeil v. Cridland, 6 Pa. Superior Ct. 428, and cases there cited ; Com. v. Bouchet, 5 Pa. Dist. Repr. 343.

*J. T. McCollom* and *W. J. Young*, with them *L. T. Hoyt*, district attorney, and *L. M. Hall*, for appellee.

OPINION BY W. D. PORTER, J., April 23, 1900 :

The appellant was tried upon an indictment containing two counts, the first of which charged him with inflicting upon the prosecutor bodily injury dangerous to life, with intention to

commit murder, under the 81st section of the Act of March 31, 1860, P. L. 382; the second charged an unlawful and malicious infliction of grievous bodily harm, under the 98th section of the same act. The jury returned a verdict of not guilty upon the first count, but guilty on the second count of the indictment, and the defendant was sentenced accordingly.

The first assignment of error is based on the admission of evidence as to the kind of jackknife which the prosecutor carried at the time of the alleged assault. The prosecutor had testified that when the defendant attacked him in the public road he, the prosecutor, drew his pocket knife and told the defendant to keep away, but that he did not use the knife. There was testimony that after the fight was over there was a severe cut in the cheek of the prosecutor and some slight cuts on the hand of the defendant. A knife was found upon the ground, which was stained with blood, and it cannot be said that the identity of this knife was an immaterial matter. The testimony which is the subject of complaint tended to establish that the blood stained knife was not the knife of the prosecutor, and was properly admitted. The second assignment of error complains that the court instructed the jury to disregard the evidence as to the lands of the prosecutor and the lands of the defendant. This instruction was entirely proper. The practice of trying ejectment suits, or attempting to try them, in the court of quarter sessions ought not to be encouraged. There was no evidence whatever that either the prosecutor or the defendant was at the time this fight occurred attempting to prevent or defend against a trespass upon his lands; the fight occurred in the public road and the minds of the jury ought not to have been confused by considering questions of title to land not involved in the issue.

The learned counsel for the appellant in his printed argument suggests that the assignments of error from three to nine, inclusive, may be considered together, and he frankly concedes that no one of them taken separately would be sufficient to reverse the judgment. In this we entirely agree with him. The contention of the appellant is that the entire charge, taken as a whole, is misleading, and its general tenor against the defendant. The only instruction as to the law, which is the subject of any of these assignments of error, is the seventh, in

which it is complained that the court charged the jury, " If you do not find that at the time this stone was thrown, or this assault was made upon Mr. Babcock, or at the time the cut was made upon his face, the intention was to take the life of Mr. Babcock, you should acquit Mr. Warner on the first count in the indictment." The jury acted on this instruction and acquitted the defendant upon the first count in the indictment. How he was injured by the instruction it is difficult to comprehend. This leaves for consideration the general effect and tenor of the charge as a whole.

In this assault and battery case we have one hundred and fifty-five pages of testimony. The learned court below was not required to repeat all this testimony to the jury ; it was only required in so far as it did present the testimony to do so accurately and impartially: Burke v. Maxwell's Administrators, 81 Pa. 139. It is well settled that it is not error for a judge, in his charge to the jury, to express his opinion upon the facts, if done fairly ; in some cases it may be his duty to do so, provided he does not give a binding direction or interfere with the province of the jury ; it may be the duty of the judge to call the attention of the jury to the interest of witnesses, or other matters affecting their credibility, or as to the impossibility of their having definite and positive knowledge upon the subject with regard to which they testify : Commonwealth v. Johnston, 133 Pa. 293 ; Johnston v. Commonwealth, 85 Pa. 54.

In the present case the court in its charge accurately defined the offenses with which the defendant stood charged, told the jury the essential elements which they must find in order to constitute either offense, and that they must be satisfied of the existence of such elements beyond a reasonable doubt, and then proceeded to define the rights of a party when acting in his own defense against an assault. The instructions of the court upon these questions of law were so satisfactory to the appellant that he has not assigned error in any one of them. When a defendant has not assigned error as to a pure question of law, we must assume that the instruction was correct. The only question in this case, therefore, is whether the court erred in its presentation of the facts to the jury.

The assault out of which this prosecution grew occurred in a public road. No witnesses were actually present at the fight

except the prosecutor and the defendant. The court fairly stated to the jury the substance of the testimony of each of them, without pretending to give the exact words of either, and a careful examination of the charge and testimony convinces us that the story of each of the parties was fairly and impartially summarized. This statement, as made by the court, fairly presented to the jury the contention of the defendant, that he acted throughout the quarrel purely upon the defensive, that he was pursued by the prosecutor and had not sought the quarrel. The court stated the substance of the testimony of the physician as to the extent of the injuries to the person of the prosecutor, and briefly refers to the testimony of two other witnesses upon the same point; but this testimony went simply to the extent of the injuries, without tending to designate the person by whom they were inflicted, and no other persons had testified as to the extent of said injuries. The defendant testified that he struck the prosecutor in the face, or upon the head, with a stone, and that at that time the prosecutor was advancing upon him, and it is complained that the court, in substance, instructed the jury that in determining the question whether the prosecutor was advancing upon the defendant it was proper for them to consider whether the stone which the defendant threw struck the prosecutor in the face, or upon the side of the head or the back of the head; that they were to consider whether Mr. Babcock was advancing and the stone was thrown in self defense, or whether it was an assault made upon the prosecutor. It is proper for the court to direct the attention of the jury to any circumstance which it is fair and proper that they should consider in passing upon the probabilities of any evidence offered for their consideration, so long as this is done in a manner which leaves the judgment of the jury free and untrammeled: Commonwealth v. Orr, 138 Pa. 276. In conclusion the court said to the jury: "You have seen the witnesses on the stand. You have observed their manner of testifying. You will consider the reasonableness of their stories. You will consider the interest that they may have in testifying, or in coloring their testimony either one way or the other. You will consider how far they are corroborated by other circumstances in the case. You will consider how far their character for truth has been successfully attacked or sustained, and we say to you that

the question of the credibility of witnesses—the successfulness of the attack upon their character for truth—is all entirely for you. You are to consider all these things, and then, after having considered them, you are to give credit where you honestly and fairly believe credit to be due, and bring your verdict in in accordance therewith." This reference to the attack upon the credibility of a witness referred to an attempt to impeach the veracity of the prosecutor. It directly drew the attention of the jury to that attack, and, very properly, left the whole question to them. The charge was a correct exposition of the law and an adequate and impartial presentation of the case, without any tendency to mislead or confuse the jury, and is to be reviewed as a whole not upon sentences or paragraphs disconnected from the context which qualifies or explains them: Ginder v. Bachman, 8 Pa. Superior Ct. 405; Commonwealth v. Johnston, 133 Pa. 293. All the assignments of error are dismissed.

Judgment affirmed. And now, April 23, 1900, it is ordered that Louise V. Warner, the appellant, surrender himself to the court of quarter sessions of the county of Bradford, to the end that the sentence of the court below be executed, and that he be confined, according to said sentence, for the residue of the term which had not expired on January 3, 1899, at the time this appeal became a supersedeas, and that the record be remitted that the sentence and this order be carried into effect.