## Commonwealth *v.* Bunnell, Appellant.

*Practice—Superior Court—Assignments of error—Evidence.*

In criminal cases the jurisdiction of the appellate court to review rulings upon questions of evidence is limited by the statute to such as were excepted to at the proper time in the court below.  The rule that an assignment of error to such ruling not based on a bill of exceptions will not be considered, is inflexible.

*Criminal law—Evidence—Declarations—Bawdyhouse.*

On the trial of an indictment for keeping a bawdyhouse, an offer to prove that the prosecutor had a conversation with the prisoner when the latter was behind the bar, in the house waiting on customers, in which he stated that he and his brother were doing a nice business, and getting

along very well, is competent as tending to show the connection of the prisoner with the business.

The general reputation of the inmates and frequenters of an alleged bawdyhouse may be proved, in order to establish the character of the place; and it is also competent to prove that the house itself has acquired the name of a bawdyhouse.

*Criminal law—Evidence—Hostility of prosecutor.*

Where a prosecutor in a criminal proceeding has admitted his personal hostility to the defendant, it is immaterial for the defendant to show the cause of such hostility.

Argued March 10, 1902.     Appeal, No. 58, Jan. T., 1902, by defendant, from judgment of Q. S. Luzerne Co., Sept. T., 1901, No. 446, on verdict of guilty in case of Commonwealth v. John W. Bunnell.     Before RICE, P. J., BEAVER, ORLADY, and W. D. PORTER, JJ.     Affirmed.

Indictment for keeping a bawdyhouse.     Before HALSEY, J.

Alexander Dunn swore on behalf of the commonwealth direct examination.     By the district attorney: We propose to prove by Mr. Dunn that he is the prosecutor in this case, that he called at the Windsor Hotel and had a conversation with James L. Bunnell in which he, Bunnell, stated that he, together with his brother, were doing a nice business and getting along very well.     (Defendant's counsel objected to as immaterial and irrelevant.)     The Court: Preliminarily we will take it.     I do not think it is of importance, as yet.     Objection overruled, exception noted for the defendant, bill sealed. [1]

George Toby was asked these questions: "Q. What was the general reputation of the Windsor Hotel prior to September 4, 1901, for morality and chastity, good or bad?" (Objected to.) (The Court: Objection overruled.)     Exception noted for defendants, bill sealed.     2 "Q. Good or bad?     A. It was bad reputation.     Q. What was it commonly called?     A. Well, it was called, so anybody could get a bed there."

James L. Bunnell called and sworn for the defendants and under direct examination.     Defendant's counsel: "Q. Can you explain why this man became so hostile toward you, feel so toward you as he did apparently because of the troubles of his wife?" (District attorney: We object to the form of the question.)     The Court: Objection sustained.     Exception noted for the defendants, bill sealed. [3]

District attorney (producing register of hotel), says, I will show you on the register. Defendant's counsel: I object to this line of argnment by the district attorney and wish to have the stenographer note on the record the argument if he persists in it so that we may have something upon which we may file an exception. The court: Go ahead. Defendant's counsel: We ask for an exception to the line of argument. The Court: Exception noted for the defendants. [11] The district attorney then, with register still in his hands and producing same to the jury, comments as follows : " Wednesday, June 26, 1901, Miss Clara Devery, Nanticoke, Pa. L. 15." District attorney, explaining to jury, "he," meaning Alpheus Alden, clerk, "says, L. 15 meant lodging, room 15. R. N. Matthews and wife, Scranton, Pa. L. Room 15." The district attorney, still commenting, puts the question " How many beds ?" " One bed, he said," meaning Alpheus Alden, " in that room."

The court charged in part as follows :

[Up to three or four years ago the practice in the trial of cases of this kind, as to the proof whether a particular house was a bawdyhouse or not was obtained from the reputation of the persons frequenting the house, but it is now also to be determined by the reputation of the house. With these two rules in mind, gentlemen of the jury, was this a common bawdyhouse ?] [18]

[The commonwealth has brought here innumerable persons to show you that they frequented that house for the purpose of fornication. The parties to the crime have testified to the crime of fornication; that they frequented the house and that the crime of fornication was committed by them in that house.] [19]

[Innumerable witnesses, persons who reside in the hotel, cab drivers and other persons who have come in have testified that they have frequently seen persons of bad reputation for chastity going into that house at all hours of the day and night.] [20]

[That another person was sought out to take the hotel, a man by the name of Knight, that he ran the hotel for some time, from October, until the early part of January, 1901, and that then he was unable to carry it, and possession of the property was taken by the Bunnells.] [21]

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* among others were (1, 2, 3, 11) rulings on evidence, quoting the bill of exceptions. (18–21) Above instructions, quoting them.

*John M. Garman* and *P. A. O'Boyle*, with them *James R. Scouton*, for appellants.

· *B. R. Jones*, district attorney, with him *John F. Shea*, for appellant.

PER CURIAM, April 21, 1902:

In criminal cases our jurisdiction to review rulings upon questions of evidence is limited by the statute to such as were excepted to at the proper time in the court below. The rule that an assignment of error to such ruling not based on a bill of exceptions will not be considered is inflexible. The practice to be followed in order to bring such rulings upon the record, and the reasons for the practice, were fully stated in Haines v. Commonwealth, 100 Pa. 317, and need not be repeated here. It follows that the fourth, fifth, sixth, seventh, eighth, ninth, tenth, twelvth, thirteenth and fourteenth assignments must be dismissed.

The offer to prove that the prosecutor had a conversation with James L. Bunnell when the latter was behind the bar waiting on customers, in which Bunnell stated that he, together with his brother, were doing a nice business and getting along very well was clearly competent, at the time the offer was made, as tending to show the connection of James L. Bunnell with the management of the business there conducted. If the testimony of the witness in response to this question was rendered irrelevant by anything that subsequently appeared in the case—and we do not think it was—the defendant should have moved the court to strike it out or to direct the jury to disregard it: Aitkin's Heirs v. Young, 12 Pa. 15.

The ruling complained of in the second assignment is sustained by the decision of this court in Commonwealth v. Murr, 7 Pa. Superior Ct. 391, where the admissibility of this kind of evidence on the trial of an indictment for keeping a common bawdyhouse was fully considered.

Inasmuch as the prosecutor Dunn had admitted his per-

sonal hostility to one of the defendants, we cannot see that it was important for the defendant to show the cause of his hostility. Further, not only was the question leading in form, but the defendant subsequently testified to the very fact which his counsel sought to bring out by the question. Nothing further need be said to show that the third assignment is without merit.

The comments of the district attorney upon the entries in the hotel register, referred to in the eleventh assignment, must be considered in connection with the fact that the defendant's witness had been called upon to explain these very entries to the jury. Under the circumstances the court was not in error in overruling the objection.

The remaining assignments, excepting the twenty-seventh and twenty-eighth, relate to the charge of the court. We do not deem it necessary to discuss them in detail. In reviewing this charge, the principles enunciated in Commonwealth v. Johnson, 133 Pa. 293, at p. 305, Commonwealth v. Warner, 13 Pa. Superior Ct. 461, and Commonwealth v. Winkelman, 12 Pa. Superior Ct. 497, at p. 516, are applicable. Viewing the extracts quoted in the assignments in the light of the context which qualifies and explains them, and the whole charge in the light of the testimony, we find no error of which either of these defendants has just cause to complain. They had a fair and legal trial, and the verdict is sustained by a mass of testimony, which leaves no doubt in our minds of the propriety of their conviction.

All of the assignments are overruled and the judgment as to both defendants is affirmed, and it is further ordered that James L. Bunnell forthwith surrender himself to the court of quarter sessions of the county of Luzerne, to the end that the sentence of the court below be executed, and that he be confined, according to said sentence, for the residue of the term which had not expired at the time this appeal became a supersedeas, and that the record be remitted that the sentence of each defendant and this order be carried into effect.