# Commonwealth *v.* Link, Appellant.

*Criminal law—Appeals—Assignments of error—Excerpts from charge.*

The selection of detached sentences, unrelated to other parts of a charge, are not proper subjects for assignments of error, where the charge, as a whole, fully and adequately presented the defendant's case.

Assignments of error in direct violation of the rules of the Superior Court cannot be considered on appeal.

Argued March 11, 1919. Appeal, No. 118, April T., 1919, by defendant, from judgment of Q. S. Beaver Co.,

Dec. Sess., No. 14, on verdict of guilty in case of Commonwealth v. Ed. Link. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Indictment for pandering. Before BALDWIN, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*Lawrence M. Sebring,* for appellant.

*James L. Hogan,* and with him *Louis E. Graham,* District Attorney, for appellee.

OPINION BY ORLADY, P. J., July 17, 1919:

Thirty-eight assignments of error are presented for our consideration, no authorities are cited in support of any one of them, and many are in direct violation of our rules. The argument of appellant might be persuasive before a jury but is without merit in an appellate court. The charge of the court was a full and fair statement of the evidence and the law applicable thereto, which taken in its entirety could not be considered misleading by any juryman. The selection of detached sentences unrelated to other parts of the charge is not proper, as has been frequently decided: Commonwealth v. Warner, 13 Pa. Superior Ct. 461; Com. v. D'Angelo, 29 Pa. Superior Ct. 378. The examination of the defendant's own testimony without anything else, was sufficient to warrant a verdict of guilty, and the relation of the defendant to his suggested accomplices was properly disposed of by the trial judge.

The assignments of error are all overruled, the judgment is affirmed, the record remitted to the court below, and it is ordered that the defendant appear therein at

such time as he may be called and be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.