# Commonwealth *v.* Hay, Appellant.

*Criminal law—Keeping bawdyhouse—Evidence—Sufficiency.*

In the trial of an indictment for keeping a bawdyhouse, evidence that the reputation of the place was that of a house where men and women congregated for immoral purposes, and that the reputation for chastity of those who frequented it was bad, together with other evidence of specific acts of misbehavior, was sufficient to sustain a conviction.

While a single act of fornication committed in the house with the consent of the proprietor does not fix the character of the house as that of a bawdyhouse, such an act and all of the circumstances under which it was committed, coupled with the manner of conducting the place and the reputation of it and its frequenters, are competent evidence for the consideration of the jury and may be sufficient to establish guilt.

*Trials—Evidence—Objections.*

If, in the trial of a case, a question is asked, which counsel deems improper, the correct practice is to object to the question when propounded. When the question is not objected to and the answer is not responsive to the question, or is incompetent, the proper practice is to move to strike it out, and if the court refuses to do so, take an exception. If that course is not pursued, the right to objection and exception must be regarded as waived.

Submitted November 14, 1922. Appeal, No. 1, April T., 1923, by defendant, from judgment and sentence of Q. S. Butler Co., March Sessions, 1922, No. 24, on verdict of guilty in the case of Commonwealth of Pennsylvania v. M. R. Hay. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for keeping a bawdyhouse. Before REIBER, P. J.

The facts are stated in the opinion af the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence and refusal to direct a verdict of not guilty.

*W. H. Martin,* for appellant.

*James O. Campbell,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., March 2, 1923:

Appellant was convicted, under the 43d section of the penal Code of 1860, of keeping and maintaining a common bawdyhouse or a place for the practice of fornication. He contends that there was error, 1, in not directing an acquittal; 2, in permitting a witness for the Commonwealth to testify to a conversation between the witness and another person in his absence.

1. Appellant, a divorced man, conducted a drug store in the City of Butler, Butler County, Pennsylvania. He occupied an apartment consisting of a living room, bedroom and kitchen, on the second floor of the building in which the drug store was located and directly over the rear of the drug store. There was in the building one other apartment located on the second floor over the front of the drug store. Entrance to these apartments was by a common stairway from the street. In the rear of the drug store, back of the prescription case, there was a balcony seven or eight feet above the floor on which there was a double bed. Appellant had one son about seventeen years of age who usually slept with his father in the apartment, but occupied the bed in the rear of the store when the father had company. These facts are undisputed. The Commonwealth produced evidence that on the night appellant was arrested the attention of a police officer was drawn by a noise coming from the apartment; that the time was about one o'clock a. m.; that two young men, one of whom was appellant's son, and two girls were occupying the bed at the rear of the drug store at the suggestion and with the consent of appellant; that appellant and two men and two women

were drinking in the apartment; that the officer knocked on appellant's door and tried to gain admission, which was refused by appellant; that about three o'clock a. m. when the occupants of the apartment came downstairs, they and the four occupants of the balcony in the store were arrested; that one of the persons in defendant's apartment was a married man, whose wife was not present, and the other man was single; that one of the women was married, her husband not being present, and the other woman was single; that the reputation of both women for chastity was not good; that defendant said the entire party intended to stay all night; that other women of bad reputation for chastity visited the apartment from time to time; that on one occasion a man and woman went into defendant's bedroom, closed the door and remained for a considerable time when there was no other person in the apartment; that men and "women who run the street" frequented the apartment; that girls came out all hours of the night; that men and women went into the apartment and came out in an intoxicated condition. Defendant testified that he kept the apartment locked. Several witnesses testified that the reputation of the apartment was that of a place where men and women congregated for immoral purposes, and that the reputation for chastity of those who frequented it was bad. While we do not hold that the general reputation of the place and of the frequenters, standing alone, would establish its character as that of a bawdyhouse, such a reputation is a circumstance to be weighed with others: Com. v. Murr, 7 Pa. Superior Ct. 391; Com. v. Brink, 49 Pa. Superior Ct. 620. While a single act of fornication committed in a house with the consent of the proprietor does not fix the character of the house as that of a bawdyhouse, such an act and all of the circumstances under which it was committed, coupled with the manner of conducting the place and the reputation of it and its frequenters, are competent evidence for the consideration of the jury and may be sufficient to establish

guilt. Viewed as a whole, the, evidence of the Commonwealth was quite as strong as usually is produced in this character of case and leaves in our minds no doubt of the propriety of the conviction. To have directed an acquittal would have been error.

2. The error charged as to the admission of the testimony of Claire Stakeley, a witness called by the Commonwealth, as to a conversation between her and another witness in the absence of defendant is without merit. This witness had testified to a conversation between her and appellant in his apartment. At this point the record shows the following:

"Q. When did you see Mabel McGill there?

"A. I seen her there one evening; it was just a couple days before the last time I was up there.

"Q. Who was there at that time?

"A. Her; I met Mabel upstairs and we went downstairs and she said: 'I have to see the old man.'

"Q. You went into the store?

"A. Yes, sir, she said she had to see the old man.

"Q. Did she see the old man?

"A. Yes, sir, she did; she saw the old man, as she calls him.

"Objected to as incompetent.

"Court: Objection overruled and bill sealed."

There was no objection to any question propounded and no motion to strike out any testimony. The proper practice is to object to the question when propounded. If the question is not objected to and the answer is not responsive to the question, or is incompetent, the proper practice is to move to strike it out, and if the court refuses to do so, take an exception. If that course is not pursued, the right to objection and exception must be regarded as waived: Broadnax v. Cheraw & Salisbury R. R., 157 Pa. 140. Aside from this, however, we are not prepared to say that the testimony was prejudicial to appellant. On the contrary, we are of opinion that it was entirely harmless. It is admitted that at the time re-

ferred to in the testimony, the person with whom the witness said she was talking did go into the store where defendant was and that she saw and talked with him. Since it is clear that the term "old man" referred to appellant, he was not harmed in the least. He had a fair trial and has no just ground for complaint.

All of the assignments are overruled, the judgment is affirmed and the record remitted to the court below, and it is ordered that defendant appear in that court at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.