# Commonwealth of Pennsylvania *v.* Anna Butler, Appellant.

*Criminal law—Disorderly house—Bawdy house—evidence.*

Where the defendant was indicted upon the charges of keeping a disorderly and bawdy house, evidence may be introduced to show what occurred in the rooms of the said house to which all persons who called were admitted; that lewd women resorted to the house, and that the women were guilty of indecent solicitation in said public rooms, all for the purpose of showing the character of the house.

The fact that the proprietress of the house was not actually present in the room when the lewd conversation was carried on does not render such testimony incompetent.

Argued November 21, 1923.  Appeal, No. 290, Oct. T., 1923, by defendant, from judgment and sentence of Q. S. Bucks Co., March Sessions, 1922, No. 9, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Anna Butler.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Indictment for keeping a disorderly house and keeping a bawdy house.  Before RYAN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.  Defendant appealed.

*Error assigned* was the overruling of the objection of the defendant to the testimony of the witness of the Commonwealth.

*Wm. A. Gray,* for appellant.—It was error on the part of the court below to admit in evidence a conversation between other parties without connecting the same with

the defendant in any way: Com. v. Evans, 53 Pa. Superior Ct. 443.

*Hiram H. Keller,* District Attorney, for appellee.

PER CURIAM, December 13, 1923:

The appellant was convicted upon an indictment containing two counts, the first count charging keeping a disorderly house and the second keeping a bawdy-house. It is entirely competent upon the trial of a charge of this character for the Commonwealth to introduce evidence as to what occurred in the rooms of the house to which all persons who called were admitted; that lewd women resorted to the house, and that the women were guilty of indecent solicitation in those public rooms, this for the purpose of showing the character of the house.   The fact that the proprietress of the house was not actually present in the room when the lewd conversation was carried on does not render such testimony incompetent: Com. v. Murr., 7 Pa. Superior Ct. 391; Com. v. Sarves, 17 Pa. Superior Ct. 407; Com. v. Hay, 80 Pa. Superior Ct. 503.   The only assignments of error which relate to the case of this defendant refer to the admission of testimony of the character above indicated, and they must all be overruled.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as she may be there called and that she be by that court committed until she has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.