# Commonwealth *v.* Levandowski, Appellant.

*Criminal law—Bawdy house—Evidence—Sufficiency—Section 43 of Act of March 31, 1860, P. L. 382.*

In the trial of an indictment charging defendant with keeping and maintaining a common bawdy house, contrary to section 43 of the Act of March 31, 1860, P. L. 382, there was evidence that the house

bore the reputation of a bawdy house. There also was evidence that the defendant had furnished one of the witnesses with a girl for the purpose of fornication, with whom he had gone upstairs to a bedroom and to whom he paid money, some of which she turned over to defendant; and that this girl had subsequently solicited another witness to go upstairs with her. Under the circumstances the evidence was sufficient to sustain a conviction.

In such case it was immaterial that the witness had not committed fornication. Defendant furnished him the place and opportunity to practice fornication and was just as guilty of the crime charged as if it had been committed.

Argued March 15, 1927. Appeal No. 43, February T., 1927, by defendant from judgment of Q. S. Luzerne County, February Sessions, 1927, No. 174, in the case of Commonwealth of Pennsylvania v. Lucy Levandowski. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for keeping and maintaining a common bawdy house and place for the practice of fornication. Before FINE, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, the charge of the court and refusal of defendant's motion for a new trial.

*S. S. Herring,* for appellant.

*John R. Hessell,* Assistant District Attorney, and with him *Thomas M. Lewis,* District Attorney and *W. A. Valentine,* for appellee.

OPINION BY KELLER, J., April 22, 1927:

Appellant was convicted on an indictment charging her with keeping and maintaining a common bawdy

house and place for the practice of fornication (Act of March 31, 1860, P. L. 382, Sec. 43). The evidence was ample to sustain the conviction. In addition to testimony that the house bore the reputation of a bawdy house, (Com. v. Murr, 7 Pa. Superior Ct. 391, 393; Com. v. Bunnell, 20 Pa. Superior Ct. 51, 53), there was evidence that the appellant had furnished one of the witnesses with a girl for the purpose of fornication, with whom he had gone upstairs to a bedroom and to whom he had paid money, some of which she turned over to appellant; and that this girl had subsequently solicited another witness to go upstairs with her; as well as other evidence of lewd conduct on the part of the women present in the house (Com. v. Butler, 82 Pa. Superior Ct. 390, 391). It is immaterial that the witness Page testified that he had not committed fornication with the girl who took him upstairs. The appellant furnished him the place and opportunity to practice fornication, and was just as guilty of the crime charged in the indictment as if it had been committed.

Nor do we think there was any reversible error on the part of the court below in refusing to permit this witness, Page, to be asked what pay he was to get to go to Nanticoke, where appellant conducted her place. It was testified that he was a regular employee of the Tradesco Detective Agency in Scranton, and had been for five years, and that he had been sent to Nanticoke by his employer, Mr. Tradesco. Had the offer of proof been to show under what kind of contract the Tradesco Detective Agency had been engaged, the terms of the contract, who was to pay for their services, whether payment was contingent on the character of evidence secured, etc., it should have been admitted: Com. v. Farrell, 187 Pa. 408, 412, 423. But it is not apparent that a disclosure of the per diem wage which the detective agency paid its regular operatives would have

shed any light on the issue being tried, or shown more clearly the witness' interest or feeling in the prosecution. In any event we are satisfied that the ruling did the appellant no harm.

The assignments of error are overruled and the judgment is affirmed; and it is ordered that the appellant appear in the court below at such time as she may be there called and that she be by that court committed until she has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.