Commonwealth, Appellant, *v.* Robertson.

Argued March 14, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*J. William Ditter, Jr.,* Assistant District Attorney, with him *J. Stroud Weber,* District Attorney, for appellant.

*James R. Caiola,* for appellee.

OPINION BY WOODSIDE, J., July 21, 1955:

This is an appeal by the District Attorney from the arrest of judgment granted the defendant on three of the six charges on which a jury found him guilty. He was indicted, tried and convicted on charges of:

1. (Bill No. 155) unlawful and felonious procurement of Ruth Lindenmuth as an inmate for a house of prostitution conducted by defendant at 801 Smith Street, Norristown, Pa.;

2. (Bill No. 155-1) knowingly and feloniously accepting, receiving, levying and appropriating certain sums of money, without consideration, from the proceeds of the earnings of Ruth Lindenmuth, a woman engaged in prostitution;

3. (Bill No. 155-2) unlawfully permitting a certain building owned and controlled by him, to be used for the purpose of prostitution and assignation;

4. (Bill No. 155-3) maintaining a disorderly house;

5. (Bill No. 155-4) sale of malt and brewed beverages for consumption upon the premises, without holding a license authorizing the sale of spiritous and vinous liquors, and permitting consumption of such beverages upon the premises occupied by the defendant; and

6. (Bill No. 155-5) offering liquor for sale and sale of liquor without holding a retail liquor license.

The court sentenced the defendant on the last three, but on the first three it granted his motion in arrest of the judgments on the ground that there was not sufficient evidence to sustain the convictions. See Act of June 15, 1951, P. L. 585, 19 PS §871. The convictions on the last three charges are not at. issue here, defendant admitting he was properly sentenced on them.

The evidence shows that the police raided a building at 801 Smith Street, Norristown, on November 14, 1953 at about 1 A.M. They found there substantial quantities of beer and liquor. On the second floor were three bedrooms and a bath. In the one bedroom was a bed which was disarranged. A Norristown man was sitting on it. There was a man in another bedroom. The bed in that room was also disarranged. Locked in the bathroom were two girls, also from Norristown. On the third floor there was a room with two beds. When the police went into it a couple not married to each other were having intercourse in the one bed and another couple not married to each other, both nude, were in the other. They were all from nearby Conshohocken.

When the police returned from the upstairs the defendant came into the house with three other men and two women. He admits he operated the house.

Ruth Lindenmuth, the girl involved in the procuring and accepting bawd money charges, testified that she was in a restaurant talking to two girls. After some conversation the one girl took her to 801 Smith Street where she stayed for about two weeks. Some nights she slept there, but some nights she slept in parked automobiles. On several occasions the defendant told her to get out of the house.

While she was at 801 Smith Street she had intercourse with five or six different men. She says she asked none for money, but did receive $2 from one. She saw one man talk to the defendant and pay him $2 just before the man took her upstairs and had intercourse with her. She said she gave no money to the defendant and he gave her none. She said that she saw other people pay money to the defendant, but she did not know for what. She said that she saw a number of men and women go upstairs together.

There were three calendars in the house containing girls names and telephone numbers. After at least one name was a notation of the hours when she could be called.

There was evidence that the premises bore the reputation of being a bawdy house, and the defendant had the reputation of being the keeper of a bawdy house. See Section 512 of the Act of June 24, 1939, P. L. 872, 18 PS §4512; *Com. v. Visotsky*, 129 Pa. Superior Ct. 86, 195 A. 148 (1937); *Com. v. Celli*, 153 Pa. Superior Ct. 88, 33 A. 2d 97 (1943).

The question before us is whether there was sufficient competent evidence from which the jury could find the defendant guilty of any or all of the first three charges.

The lower court held that there was no evidence of prostitution, and that without such evidence the motions in arrest of the judgments should be granted and the defendant discharged on all three indictments.

Prior to the Act of June 15, 1951, supra, the court would have lacked the power to grant a motion in arrest of judgment on this ground. Its power would have been limited to granting a new trial. The Act of 1951, supra, provides: ". . . the defendant may, in addition to making a motion in arrest of judgment on the grounds that there is error appearing on the face of the record, may make a motion in arrest of judgment on the grounds that the evidence was insufficient to sustain the charge, and if the court, after consideration of the entire record, shall decide that there is not sufficient evidence to sustain the conviction, it shall forthwith discharge the defendant and dismiss the case."

In the development of the law concerning prostitution and related offenses there have been changes in the meaning of terms and the definitions of the of-

fenses. For example, the definition of prostitution itself has changed.

In *Com. v. Lavery,* 247 Pa. 139, 142, 93 A. 276 (1915) the court said that prostitution was "not mere fornication or adultery confined to one man, but indiscriminate illicit intercourse for hire with any man seeking it.", but in *Com. v. Stingel,* 156 Pa. Superior Ct. 359, 361, 40 A. 2d 140 (1944), it was held that "indiscriminate cohabitation" is no longer necessary, "the legislature has broadened the compass of the term.", by the Act of June 24, 1939, P. L. 872, §103, 18 PS §4103.

"Prostitution" is there defined as "the offering or using of the body for sexual intercourse for hire."

Under the Penal Code of March 31, 1860, P. L. 382, section 43, a person who kept and maintained a place for the practice of *fornication* was equally guilty with one who kept and maintained a place where *prostitution* was practiced. In the later statutes, the Act of June 30, 1923, P. L. 982, and the Act of June 24, 1939, P. L. 872, under which act the present indictments were brought, the word "fornication" is dropped from the language of the sections relating to similar offenses.

These changes must be kept in mind when examining the court's opinions.

The first indictment charges a violation of section 513 of said Act of 1939, 18 PS §4513, and is generally referred to as "pandering." The sources of this section are the Act of May 1, 1909, P. L. 306, and the Act of June 7, 1911, P. L. 698; see foot note in 18 PS §4513 and §4515.

The second indictment charges a violation of section 515 of said Act of 1939 and is generally designated as "acceptance of bawd money." The source of this section was the Act of 1911, supra, 19 PS §4515. Of

this act our Supreme Court said in *Com. v. Lavery,* supra, page 141, "The Act of 1911 is a highly penal statute and must be strictly construed. This is especially true as it creates a new criminal offense, for the punishment of which a severe penalty is prescribed."

Bills No. 1 and 2 charge offenses with a specific person. There must be evidence that the defendant "procured" Ruth Lindenmuth and that he received money without consideration from the proceeds of *her* earnings.

As to the evidence relating to the first charge (pandering) the lower court said: "The testimony of the Commonwealth's principal witness, Ruth Lindenmuth, clearly establishes that she went to the defendant's house uninvited, that she was taken there by a girl whom she had met in a restaurant, that she introduced herself to the defendant, that at least two times defendant ordered her to leave the house and that she voluntarily returned, that at no time while she was there did he tell her what she should do and that the defendant never asked her what she wanted there and that she never told him why she was there. Defendant's testimony in this regard was corroborative."

The court concluded that there was no "testimony at all that the defendant had 'procured' the alleged prostitute. In fact the evidence was uniformly to the contrary."

We agree with the lower court that the evidence was insufficient to sustain a conviction of this charge.

Procuring is something more than permitting. One is not guilty of pandering by merely allowing prostitution. The Commonwealth argues that "the defendant's reputation, the known manner in which his house was run and the persons who frequent it, constituted an invitation to come there to engage in prostitution," and Ruth Lindenmuth having come there, accepted the in-

vitation. Therefore, it is argued, the defendant is guilty of "procuring" her.

It might be noted that one can be guilty of pandering even though the person sought does not become a prostitute. *Com. v. Stingel,* supra. But the operation of a bawdy house by a person without any other act on his part to persuade a woman to become a prostitute, does not make him guilty of pandering.

If the mere operation of a bawdy house constituted pandering, everyone guilty of the first would be guilty of the latter. This could not have been the intent of the legislature which made them separate offenses, one a misdemeanor and the other a felony.

Although the question of sufficiency of evidence on the charge of acceptance of bawd money is not as easy to answer as the first and third charges, we are of the opinion that the lower court should be affirmed. Ruth Lindenmuth testified she had given the defendant no money and had received none from him. The only evidence upon which a conviction could be sustained was her testimony that before she went upstairs to have intercourse with a man she saw him hand some money to the defendant. There is no evidence why this money was given to the defendant.

The evidence in this case is not the type which merits the presumption that the defendant received payment from a prostitute as was held in the case of *Com. v. Spallone,* 154 Pa. Superior Ct. 282, 284, 35 A. 2d 727 (1943).

The third indictment charges a violation of section 512 of the aforesaid Act of 1939. The source of this is the Criminal Code of 1860 which "enacted the existing common law and imposed the same punishments." 18 PS §4512.

On this bill there was sufficient evidence to submit the case to the jury, and this having been done and the

jury having found the defendant guilty, we think the verdict should not have been disturbed. It is immaterial whether we would have come to the same conclusion had we been the fact-finding body. The question is whether there was sufficient evidence to allow the jury to pass upon the evidence. We think there was.

The evidence obtained during the raid, the reputation of the defendant and of the house which he operated, the testimony of Ruth Lindenmuth that she saw a number of men and women going upstairs together, that she had intercourse with five or six different men and that she was paid by one, all taken together along with other testimony were sufficient to allow the jury to infer that the defendant permitted a building under his control to be used for the purpose of prostitution. See *Com. v. Hay*, 80 Pa. Superior Ct. 503 (1923).[1]

The order of the court below sustaining the defendant's motions in arrest of judgment on Bills Nos. 155 and 155-1 is affirmed.

The order sustaining the defendant's motion in arrest of judgment on Bill No. 155-2 is reversed, the verdict of guilty is reinstated and the defendant is directed to appear in the court below for sentence at such time as that court shall designate.

---

[1] Although this case was tried under the Act of 1860, supra, when the word "fornication" as well as "prostitution" appeared in the statute, nevertheless the general principle applied to the evidence in that case is applicable here.