## Commonwealth v. Dougan

*Donald L. Reihart, District Attorney,* for Commonwealth.
*Harold N. Fitzkee, Jr.,* for defendant.

ERB, *J.,* June 15, 1977—This matter is before the court on defendant's motion to quash the complaint

charging defendant with prostitution under section 5902(a) of the Pennsylvania Crimes Code of December 6, 1972, P.L. 1482, 18 P.S. §5902(a).

An undercover officer of the Pennsylvania State Police testified that on April 5, 1977, he visited the Executive Health Spa at 1050 North George Street, North York, York County, Pa. While there he was advised by defendant that for various fees he could receive a massage or the parties could engage in mutual massage, clothed or in the nude. Defendant further indicated that she would perform, if the officer wished, the act of masturbation upon him, and in his massage of her he could use his tongue but in no event could there be penetration of her body.

The question before the court is whether this is a violation of section 5902(a), supra, which reads: "Prostitution.—A person is guilty of prostitution; a misdemeanor of the third degree, if he or she: (1) is an inmate of a house of prostitution or otherwise engages in sexual activity as a business."

Section 5902 defines sexual activity as follows: "(b) Definitions.—'Sexual activity.' Includes homosexual and other deviate sexual relations." The code contains no further definition of prostitution.

The Superior Court in Commonwealth v. Robertson, 178 Pa. Superior Ct. 281, 116 A. 2d 224 (1955), traced the history of the legislation on this subject in effect prior to the adoption of the present act. At page 285, it said: "In the development of the law concerning prostitution and related offenses there have been changes in the meaning of terms and the definitions of the offenses. For example, the definition of prostitution itself has changed."

In Commonwealth v. Lavery, 247 Pa. 139, 142,

93 Atl. 276 (1915), the court said that prostitution was "not mere fornication or adultery confined to one man, but indiscriminate illicit intercourse for hire with any man seeking it," but in Commonwealth v. Stingel, 156 Pa. Superior Ct 359, 361, 40 A. 2d 140 (1944), it was held that "indiscriminate cohabitation" is no longer necessary, "the legislature has broadened the compass of the term," by the Act of June 24, 1939, P.L. 872, sec. 103, 18 P.S. §4103.

'Prostitution' is there defined as 'the offering or using of the body for sexual intercourse for hire.'

Under The Penal Code of March 31, 1860, P.L. 382, sec. 43, a person who kept and maintained a place for the practice of fornication was equally guilty with one who kept and maintained a place where prostitution was practiced. In the later statutes, the Act of June 30, 1923, P.L. 982, and the Act of June 24, 1939, P.L. 872, under which act the present indictments were brought, the word "fornication" is dropped from the language of sections relating to similar offenses.

These changes must be kept in mind when examining the court's opinions.

The sexual activity contemplated by prior legislation and the cases interpreting that legislation were confined to sexual intercourse. In the present act, the legislature clarified the prior law to include "homosexual and other deviate sexual relations." In all of these activities, there must be penetration, however slight, before the act is committed. See section 3101 of the Crimes Code.

The evidence introduced in this case is clear that no such act was contemplated for any of the prices quoted. Had the legislation wished to include this type of activity within their definition, they could

have done so. They did not, and however abhorrent such activity may be to the court, it is beyond our authority to do so.

For this reason, we enter the following

## ORDER

And now, June 15, 1977, the complaint charging defendant Jayne L. Dougan with prostitution on April 5, 1977, is quashed. An exception is granted to the Commonwealth.